IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



JOHN WALKER, LISA WALKER,
C.G., a minor child, ROY PROVOST,
AMY PROVOST, and J.P. a minor
child, individually and on behalf of all
others similarly situated,

Plaintiffs,

vs.

WILDERNESS ALTERNATIVE
SCHOOL, INC., a Montana
Corporation,

Defendant.

CV 18–156–M–DWM

ORDER

Plaintiffs John Walker, Lisa Walker, and their minor son C.G. along with Roy Provost, Amy Provost, and their minor son J.P. (collectively "Plaintiffs") represent a putative class challenging the marketing practices of Defendant Wilderness Alternative School ("Wilderness"), a residential addiction treatment center in Marion, Montana. Pending before the Court are Wilderness's Motion to Deny Class Certification (Doc. 15) and Plaintiffs' Motion for Class Certification (Doc. 25). Argument was heard on April 5, 2019. For the following reasons, class certification is denied.

1

## Factual Background

C.G. and J.P.'s parents sent them to the Wilderness Alternative School for treatment in April 2018. (Doc. 12 at 4–5.) John Walker claims he spoke with Wilderness employee Chase Sewall about concerns that C.G. would attempt to run away if sent to the program. (Doc. 1 at 7, ¶ 23.) According to Walker, Sewall responded that Wilderness was a suitable place for C.G. and that there was "nowhere to run." (*Id.*) Similarly, Roy and Amy Provost claim they spoke with Wilderness employee Ben Dorrington about concerns that J.P. was a flight risk. (*Id.* at 9, ¶ 29.) They claim Dorrington assured them that J.P. would be unable to escape. (*Id.* at 9, ¶ 30.) Both the Walkers and Provosts claim they relied on these assurances in deciding to send their sons to Wilderness. (*Id.* at 8–9, ¶¶ 24, 31.)

C.G. arrived at Wilderness on April 13. (Doc. 12 at 4.) J.P. arrived on April 18. (*Id.* at 5.) On April 19, J.P. broke into multiple Wilderness buildings, apparently looking for cigarettes. (*Id.* at 4.) The next day, J.P. and another resident left Wilderness, purportedly by hitchhiking, and were later returned by police. (Doc. 1 at 9, ¶ 32; Doc. 13 at 7, ¶ 32.) On April 23, 2018, C.G. and J.P. left together in a truck owned by Wilderness. (Doc. 1 at 9–10, ¶ 34; Doc. 13 at 7, ¶ 34.) Plaintiffs claim Wilderness left the truck's keys unsecured, which allowed the boys to escape. (Doc. 1 at 10, ¶ 35.) Wilderness denies leaving the keys unsecured and responds that C.G. and J.P. committed a criminal act in taking the

truck. (Doc. 13 at 7–8, ¶¶ 34–35.) In any event, C.G. and J.P. did not return to Wilderness after leaving in the truck on April 23. (*See* Doc. 12 at 4–5.)

On September 5, 2018, Plaintiffs sued Wilderness for fraud in the inducement, negligent misrepresentation, negligent infliction of emotional distress, and violations of the Montana Unfair Trade Practices and Consumer Protection Act. (Doc. 1.) The crux of the Complaint is that Wilderness falsely represented it would provide a safe place for C.G. and J.P. Plaintiffs sought to represent a putative class of

> All United States persons who have purchased Services from WTC and persons who have been provided Services from the applicable limitation period(s), through the filing date of this Complaint.

(*Id.* at 11, ¶ 45.) This Court's December 5, 2018 Scheduling Order set a March 6, 2019 deadline for class certification motions to be fully briefed. (Doc. 12 at 1.) Wilderness filed a motion to deny class certification on February 19. (Doc. 15.) On February 27, Plaintiffs received an extension of the March 6 deadline. (Docs. 21, 23.) They filed a motion for class certification on March 11, 2019. (Doc. 25.) Their motion amends the class definition to

> All United States persons who have purchased Services from WTC and persons who have been provided Services who were misled by WTC regarding the nature and extent of WTC's services, were induced into purchasing Services from WTC in reliance on WTC's misrepresentations and did not receive the promised Services.

(Doc. 26 at 2.)

3

## LEGAL STANDARD

A class must meet Rule 23(a)'s threshold requirements as well as the requirements of either Rule 23(b)(1), (b)(2), or (b)(3). Fed. R. Civ. P. 23. This class is proposed under Rule 23(b)(3), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The party seeking class certification has the burden to show that Rule 23 is satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

## ANALYSIS

Federal Rule of Civil Procedure 23(a) establishes four prerequisites for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Here, the proposed class fails to meet the numerosity and typicality requirements.

### A.   Numerosity

Numerosity means "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no minimum class size; rather, courts must examine the circumstances of each case to determine whether joinder is feasible. *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 330 (1980). The party seeking certification does not need to establish the exact number and identity

4

of potential class members, but it must present more than speculative or conclusory allegations as to the class size. *Davis v. Astrue*, 250 F.R.D. 476, 485 (N.D. Cal. 2008); 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1762 (3d ed. 2018).

Here, Plaintiffs have not met their burden to establish numerosity. Their brief offers only that "hundreds of persons have purchased or been provided services by WTC who were induced by the misrepresentations of WTC into purchasing services from WTC that WTC did not or could not provide." (Doc. 26 at 5.) At oral argument, counsel represented that based on the discovery that has been conducted so far, the class has at least twenty, but possibly over one hundred, members. However, Plaintiffs have not provided any supporting information, such as the number of residents that Wilderness has served or how many have completed the program.

Plaintiffs acknowledge the class is constrained by the relevant statutes of limitations: two years for the fraud and Unfair Trade Practices Act claims and three years for the negligence claims. *Osterman v. Sears, Roebuck & Co.*, 80 P.3d 435, 440 (Mont. 2003) (fraud); Mont. Code Ann. § 27-2-211 (Unfair Trade Practices); *id.* § 27-2-204(1) (negligence). At most, then, the class consists of Wilderness clients from the last three years. It is unclear how many people Wilderness has served during that time, never mind how many have been subject to their alleged

5

misrepresentations. Indeed, at oral argument neither party could tell the Court how many clients Wilderness has in residence for any given thirty- or sixty-day period. Without any supporting facts, Plaintiffs' statements about the class size are too speculative to establish numerosity.

**B.    Typicality**

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). "[C]lass certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted).

Here, Plaintiffs allege class claims for the torts of fraud, negligent misrepresentation, and negligent infliction of emotional distress. (Doc. 1 at 15–17.) However, Plaintiffs' claims are subject to the unique defense that C.G. and J.P.'s theft of a truck to leave Wilderness's premises is a superseding intervening cause. "Causation and damages are essential elements of every tort claim." *Folsom v. Mont. Pub. Emps. Ass'n*, 400 P.3d 706, 718 (Mont. 2017); *see also*

6

*Town of Geraldine v. Mont. Mun. Ins. Auth.*, 198 P.3d 796, 801 (Mont. 2008) (setting forth elements of fraud); *Kurtzenacker v. Davis Surveying, Inc.*, 278 P.3d 1002, 1007–08 (Mont. 2012) (setting forth elements of negligent misrepresentation); *Sacco v. High Country Indep. Press*, 896 P.2d 411, 425 (Mont. 1995) (setting forth elements of negligent infliction of emotional distress). A superseding intervening cause is an unforeseeable event that "cuts off the chain of causation so as to absolve the named defendant" of liability. *Faulconbridge v. State*, 142 P.3d 777, 793 (Mont. 2006). At oral argument, Plaintiffs suggested J.P. and C.G.'s theft of the truck is merely evidence they were left unsupervised and that suffering a lack of supervision is typical of the class. But that argument goes to the merits of whether the theft was a superseding intervening cause. Rule 23(a)'s typicality inquiry is not whether a unique defense has merit, but whether a unique defense has to be litigated at all. Because Plaintiffs will have to litigate whether their own conduct is a superseding intervening cause, their claims are not typical of the claims and defenses of the class.

Plaintiffs have failed to establish the prerequisites to class certification under Rule 23(a). The Court need not address the requirements of Rule 23(b).

## CONCLUSION

Accordingly, IT IS ORDERED that Plaintiffs' Motion for Class Certification (Doc. 25) is DENIED. Wilderness's Motion to Deny Class

7

Certification (Doc. 15) is GRANTED.

Because subject matter jurisdiction in this case is premised only on the Class Action Fairness Act, 18 U.S.C. § 1332(d), and Plaintiffs have not pled an alternative basis for jurisdiction,

IT IS FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

DATED this 5th day of April, 2019.

Donald W. Molloy, District Judge
United States District Court